Edgar J. Nathan, Jr., J.
This is an article 78 proceeding to review the determination of the respondent which granted rent increases.
The landlord attacks the determination on the ground that the respondent arbitrarily refused to apportion the painting expense on a two-year basis.
Petitioner contends that the painting practice in the subject building required painting the apartments every two years. This claim is predicated on the fact that orders were issued by the respondent based on a two-year painting practice with respect to 8 out of 45 units in the building. Petitioner was unable to show the actual painting practice inasmuch as he could produce only a one-year expense schedule showing painting costs with respect to 22 of the apartments involved. Respondents rejected those costs as representative of the actual painting experience as compared to the administrative experience indicating that three-year painting experience was normal in this type of building.
*601 Ordinarily the painting of 22 out of 45 apartments in one year is not representative of the usual painting practices in the building, especially where the landlord submits no proof as to the painting costs over a three-or four-year period as is customary in a proceeding to fix maximum rents pursuant to subdivision 5 of section 33 of the State Bent and Eviction Begulations. Since it would be manifestly unfair to allow as an expense the entire cost of painting in one year, the respondent in the absence of proof of a two-year painting practice properly used an average predicated on a three-year painting experience to arrive at the average normal costs of painting. (Matter of Wasmil Realty Corp. v. McGoldrich, N. Y. L. J., March 17, 1952, p. 1059, col. 1, affd. 280 App. Div. 757; Matter of Mara v. Abrams, 142 N. Y. S. 2d 200.) Moreover, even if it be assumed that the respondent was obligated to apportion the painting expense on a two-year basis with respect to the eight apartments on which rulings had been issued, nevertheless the error has not been demonstrated to be of sufficient magnitude to affect materially the rentals fixed in the order (Matter of Various Tenants of 29 Woodmere Blvd., 8 Misc 2d 838, 841).
Accordingly, the determination of the respondent may not be said to be arbitrary nor capricious nor contrary to law.
Application denied and petition dismissed.